IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

G.W. and W.W., individually
and as parents of JANE DOE,
a minor,

           Plaintiffs,

v.                                    CIVIL ACTION NO. 2:05-0549

TARGET CORPORATION,
a Minnesota corporation, and
DERRICK COLLIER,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the plaintiff's motion to remand the above-entitled action to the Circuit Court of Kanawha County, West Virginia and to award the plaintiffs their costs, expenses and attorney's fees. For the reasons set forth below, the motion is **DENIED**.

**I**

On June 8, 2005, the plaintiffs, G.W. and W.W., individually and as parents of Jane Doe, filed a complaint against the defendants, Target Corporation (hereinafter "Target") and Derrick Collier (hereinafter "Collier"), in the Circuit Court of Kanawha County, West Virginia. The complaint alleges the following facts: The plaintiffs are residents of Kanawha County, West Virginia. (Comp. ¶ 1.) Defendant Target is a Minnesota Corporation qualified to do business in West Virginia. (Comp. ¶ 2.) Defendant Collier is a resident of Kanawha County, West Virginia and "was an employee/agent/manager in charge of security for the defendant, Target, and was acting

within the scope of his employment and/or agency at all times alleged herein . . . ." (Comp. ¶ 3.)

On July 12, 2003, the plaintiffs' minor daughter, Jane Doe, was sexually assaulted by a male customer at Defendant Target's store located in South Charleston, West Virginia. (Comp. ¶ 4.) The assault was visible and recorded by Defendant Target's video surveillance system, and Defendants Target and Collier failed to have an employee monitoring the video surveillance system at the time of the assault. (Comp. ¶ 5.) By failing to have an employee monitor the video surveillance system, Defendants Target and Collier breached several of their duties to the plaintiffs including providing a safe and suitable premises for them to shop, exercising ordinary care to keep and maintain the premises in a reasonably safe condition and providing adequate security for their protection. (Comp. ¶¶ 7-9.) As a direct result of the defendants' breach of the aforementioned duties, the plaintiffs' minor child, Jane Doe, "has sustained physical and emotional injuries in the past and will continue to suffer such physical and emotional injuries in the future, and all other monetary damages allowed by law." (Comp. ¶ 11.)

On July 8, 2005, the defendants removed this action to federal court, asserting that Collier had been fraudulently joined and that "this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the plaintiffs and the properly named defendants, and because the amount in controversy typically exceeds $75,0000.00, exclusive of interest and costs." (Notice Removal ¶ 5.) In support of their fraudulent joinder claim, the defendants attached to their Notice of Removal an affidavit from Collier. The affidavit states that Collier is a resident of Kanawha County, West Virginia, that he is presently employed by Target as the Executive Team Leader of Asset Protection at the Target store located in South Charleston, West Virginia, that he has been employed at the South Charleston location since June of 2004, that his

duties as Executive Team Leader of Asset Protection include maintenance of store security as well as administrative responsibilities, that he was briefly stationed at the South Charleston store as an Asset Protection Specialist from March of 2002 until June of 2002, that he was promoted to Executive Team Leader of Asset Protection in June of 2002 and was transferred to the Target store located in Barboursville, West Virginia, that he was employed by Target at the store located in Barboursville from August of 2002 until June of 2004, that while employed at the Barboursville location, he had no authority or responsibilities that related to the store in Charleston, that he received a call at the Barboursville store from Chris Barnett, District Asset Protection Team Leader, in Columbus, Ohio on July 12, 2003 requesting that he assist in the investigation of the incident at issue in this case, that the Executive Team Leader of Asset Protection for the South Charleston store, Seth Horvath, was on vacation at the time of the incident at issue here and that Mr. Horvath has been employed by Target in Columbus, Ohio since May of 2004.

On July 26, 2005, the plaintiffs filed the pending motion to remand this action to the Circuit Court of Kanawha County, West Virginia and to award plaintiffs' costs, expenses and attorney fees. As grounds for their motion, the plaintiffs assert that the complaint clearly sets out a claim against Defendant Target's security personnel, that Collier's identification as the manager in charge of security for Defendant Target was based upon their belief at the time the complaint was filed, that whether Collier was in fact the correct name of the security guard is irrelevant because plaintiffs could have chosen to identify the security guard as a John Doe, that Collier's affidavit merely establishes that plaintiffs have incorrectly named the security guard, that the affidavit is self-serving and that plaintiffs have not had an opportunity to conduct any discovery or cross-examine Collier.

On August 8, 2005, the defendants filed their response, asserting that Seth Horvath, not

Collier, was the Executive Team Leader of Asset Protection at the South Charleston Target store at the time of the incident at issue here, that Mr. Horvath was transferred to a Target store in Columbus, Ohio in May of 2004 and that the plaintiffs' motion is a baseless effort to defeat diversity jurisdiction.

To date, the plaintiffs have not filed a reply, and the time for doing so has now expired. Accordingly, the matter is now ripe for the Court's consideration.

## II

The Fourth Circuit has held that removal statutes must be construed strictly against removal. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *accord Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 124 (S.D.W.Va. 1994) (Haden, C.J.). Moreover, the "burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey*, 29 F.3d at 151 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citing *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). The Court, however, will ignore a nondiverse party's citizenship if such a party was joined fraudulently. In *Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th Cir. 1993), the Fourth Circuit adopted the following test concerning fraudulent joinder:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either:

> "[T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or
>
> [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.
>
> *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (emphasis in original). The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted. 14A Charles A. Wright et al., *Federal Practice & Procedure* § 3723, at 353-54 (1985)

6 F.3d at 232-33 (alterations in original).

In determining whether an attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *Aids Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

In the case *sub judice*, it is clear from Defendant Collier's affidavit that, at the time of the incident at issue here, he did not work at the Target store located in South Charleston, West Virginia nor did he have any authority concerning its operation. It is also clear from the affidavit that Mr. Horvath was the manager of security at the South Charleston store and that he was a resident of Ohio when this action was commenced. After reviewing the complaint and based on the plaintiffs' claim of failure to "train, supervise and equip" security personnel, it appears that their claims are directed at Defendant Collier in his capacity as manager of security at the South Charleston store, not the store's security personnel or an unidentified security guard. Moreover, even if plaintiffs had made out a claim against Defendant Target's security personnel and had identified them as John Does, 28

U.S.C. § 1441(a) provides: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Thus, plaintiffs argument that they could have identified the Defendant Target's security personnel as John Does is irrelevant to the issue at hand. Finally, while plaintiffs have spent a great deal of time in their motion discussing the holdings in *McWilliams v. Monarch Rubber Co.*, 70 F. Supp.2d 663 (S.D.W.Va. 1999) and *Jane Doe v. Wal-Mart Stores, Inc.*, 198 W.Va. 100, 479 S.E.2d 610 (1996), these holdings are also irrelevant here because, unlike Mr. Greathouse in *McWilliams* and Mr. Belcher in *Wal-Mart Stores, Inc.*, Defendant Collier was not employed at the South Charleston Target store and had no authority over its security procedures. As the plaintiffs have failed to submit any evidence demonstrating that Defendant Collier was either employed at the South Charleston store or had authority over its security and have failed to point to any case law or theory in which he had a legal duty to them, and as the defendants have disclosed the identity of the manager of security at the South Charleston store, the Court finds that Defendant Collier was fraudulently joined here and that there is diversity among the parties in this action.

### III

Based on the foregoing, it is hereby **ORDERED** that plaintiffs' motion to remand this action to the Circuit Court of Kanawha County, West Virginia and to award them their costs, expenses and attorney's fees be, and is, **DENIED**.

ENTER: December 13, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE